**Charles N. Nauen**
cnnauen@locklaw.com
Direct: 612.596.4006

**LOCKRIDGE GRINDAL NAUEN**
P.L.L.P.
Attorneys at Law
www.locklaw.com

MINNEAPOLIS
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

February 21, 2020

**VIA ECF**
Hon. Hildy Bowbeer
United States District Court
District of Minnesota
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101

   Re: *Protégé Biomedical, LLC v. Z-Medica, LLC*, Civil No. 0:18-cv-3227
      Joint submission regarding Defendant's Motion to Compel [Dkt. No. 246]

Dear Judge Bowbeer:

  Per the Court's direction at the February 14, 2020 hearing, as reflected in the minute entry for that hearing [Dkt No. 279], the parties provide this joint submission regarding the documents that remain in dispute for Z-Medica's Motion to Compel [Dkt. No. 246].

   A. Protégé's Communications With Duff & Phelps

  Protégé's current position is that its common interest with Duff & Phelps began on October 10, 2018 (the date of Z-Medica's notice of potential infringement), and lasted until November 27, 2019 (the date Protégé filed suit against Duff & Phelps). Protégé is therefore maintaining its privilege assertion over Duff & Phelps communications that (1) are dated between October 10, 2018, and November 27, 2019, and (2) reflect attorney advice or litigation strategy. In other words, Protégé is not claiming that the common interest exception to the waiver of privilege applies to communications that (a) pre-date October 10, 2018, or (b) post-date October 10, 2018, and do not reflect attorney advice or litigation strategy.

  The originally challenged communications with Duff & Phelps are highlighted in yellow and in orange in Exhibits 1 and 2 to the Declaration of C. Nauen submitted at Docket numbers 252 and 252-1, respectively.

547127.1

Hon. Hildy Bowbeer
United States District Court
District of Minnesota
February 21, 2020
Page 2

1. Documents no longer in dispute.

Protégé has produced, or has agreed to produce, the following communications with Duff & Phelps, and therefore, there is no dispute regarding the following entries in Exhibit 1 [Dkt No. 252]:  403, 404, 405, 406, 424, 427, 503, 509, 510, 511, 513, 515, 520, 521, 522, 523, 524, 572, 575, 576, 577, 578, 601, 614, 649, 677, 678, 730, 731, 732, 733, 734, 749, 750, 751, 763, 764, 813, 826, 827, and 843.

2. Documents still in dispute.

- Exhibit 1 to C. Nauen Decl. [Dkt. No. 252]:  Entry Nos. 775, 776, and 872.

- Exhibit 2 to C. Nauen Decl. [Dkt. No. 252-1]: Entry Nos. 906, 913, 914, 915, 916, 917, 918, 919, 920, 921, 922, 923, 924, 925, 926, 927, 928, 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 947, 948, 949, 950, 951, 952, 953, 954, 955, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 968, 969, 970, 971, 972, 973, 974, 975, 976, 977, 978, 979, 980, 981, 984, 985, 986, 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1010, 1011, 1012, 1013, and 1014.

The list in bullet two above is every document highlighted in Exhibit 2 [Dkt. No. 252-1], which represents Protégé's privilege log for documents produced by Duff & Phelps in response to Z-Medica's subpoena.  Protégé does not currently have access to these documents.  Therefore, out of an abundance of caution, Protégé maintains its privilege claim over every document challenged in Exhibit 2 [Dkt No. 252-1].

3. Z-Medica's position on any subject matter waiver.

During the February 14 hearing, the Court also requested that Z-Medica state in this submission whether Z-Medica takes the position that a subject matter waiver has occurred. At this time, Z-Medica must reserve its rights on this issue.  Z-Medica will need to review the communications with Duff & Phelps that Protégé has now agreed to produce before Z-Medica can assess whether the production of these documents results in a waiver of privilege over some, or all, of the documents for which Protégé maintains a privilege claim. Further, Protégé was required by January 31, 2020, to inform Z-Medica whether Protégé would waive privilege regarding Z-Medica's counterclaim for willful infringement of the

547127.1

Hon. Hildy Bowbeer
United States District Court
District of Minnesota
February 21, 2020
Page 3

'106 patent. Protégé declined to do so. Protégé's position is that Protégé is unaware of any basis for a claim of willful infringement, and therefore no election was necessary. Z-Medica's response is that the deadline is operative because Z-Medica has expressly alleged willful infringement, and Protégé may not now elect to waive privilege in response to Z-Medica's allegation of willful infringement. Z-Medica's assessment of a potential subject matter waiver in the yet to be produced communications with Duff & Phelps will be made against the backdrop of what Z-Medica contends is Protégé's binding election not to waive privilege concerning willful infringement.

B.   Communications With Independent Contractors.

The originally challenged documents are highlighted in blue on Exhibit 1 [Dkt. No. 252]. None of these communications are on Exhibit 2 [Dkt. No. 252-1].

- Protégé has agreed to produce Entry Nos. 3, 5, and 501.

- The following documents are still in dispute: 52, 53, 55, 56, 57, 60, 70, 71, 72, 73, 130, 197, 316, 604, 752, 753, 754, 773, 784, 794, 803, and 866.

Protégé has taken the position that Entry Nos. 3, 5, and 501 are privileged, but Protégé is nonetheless going to produce these few documents because they are "de minimis." Protégé has declined Z-Medica's request that Protégé produce other "de minimis" entries because it does not want to create a subject-matter waiver.

In response, and mindful of the Court's direction at the February 14 hearing that this submission should not include any additional advocacy, Z-Medica merely states that it is prepared to submit additional briefing on these communications should the Court request it, and Protégé is prepared to submit additional briefing as well.

Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

s/Charles N. Nauen

Charles N. Nauen

547127.1