## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

PROTÉGÉ BIOMEDICAL, LLC,                    Civil No. 18-3227 (JRT/HB)

                Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER
                                            AFFIRMING MAGISTRATE JUDGE ORDER**

Z-MEDICA, LLC,

                Defendant.

---

Andrew Stephen Dosdall, Jack Y. Perry, Kristine M. Boylan, and O. Joseph Balthazor, Jr., **TAFT STETTINIUS & HOLLISTER LLP,** 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402;

Ali S. Razai, Jeremiah Helm, Joseph F. Jennings, and Karen M. Cassidy, **KNOBBE MARTENS OLSON & BEAR LLP,** 2040 Main Street, 14th Floor, Irvine, CA 92614, Charles N. Nauen and Rachel Ann Kitze Collins, **LOCKRIDGE GRINDAL NAUEN P.L.L.P.,** 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, and Michael Petrino and Philip O'Beirne, **STEIN, MITCHELL, BEATO & MISSNER LLP,** 901 15th Street NW, Suite 700, Washington, DC 20005, for defendant.

Plaintiff Protégé  Biomedical, LLC, objects to Magistrate Judge Hildy Bowbeer's Order denying Protégé's Motion to Compel Discovery and granting Defendant Z-Medica, LLC's request for sanctions as to the cost of Z-Medica's reasonable fees and expenses incurred in opposing the motion.  Because the Magistrate Judge's did not misapply the law and Protégé was afforded an opportunity to be heard before sanctions were imposed,

the Magistrate Judge's Order was not clearly erroneous or contrary to law.  The Court will therefore overrule Plaintiff's objections and affirm the Magistrate Judge's Order.

## BACKGROUND

There are no objections to the factual statements contained in the Magistrate Judge's Order, which the Court adopts and summarizes here.

Protégé and Z-Medica both produce blood-clotting products.  (Order on Mot. to Compel at 1, Mar. 17, 2020, Docket No. 299.)  In early 2018, Protégé began acquisition discussions with Z-Medica in an effort to sell the company.  (*Id.*at 2.)  In connection with those discussions, a telephone conversation between Protégé and Z-Medica was held on February 9, 2018.  (*Id.*)  Protégé alleges that during that conversation it disclosed trade secrets to Z-Medica and, in the weeks and months following, Z-Medica misappropriated the information to acquire a continuation patent of its own and block Protégé from the blood-gauze market.  (*Id.*)

During discovery, Z-Medica noted in its privilege log three emails between Z-Medica's Chief Operating Officer, who had participated in the Protégé call, and Z-Medica's outside counsel.  (*Id.*)  Each of these emails was sent on the same day as the Protégé call.  (*Id.*)  These February 9, 2018 emails are described on Z-Medica's privilege log as "Email requesting legal advice regarding Protégé's patents." (*Id.*)  Z-Medica withheld these emails, along with other communications with its outside patent counsel or otherwise conveying legal advice, on grounds of attorney-client privilege.

Protégé filed a Motion to Compel production of those emails and 78 other documents, some of which were no longer at issue at the time of the Order, the crime-fraud exception. (*Id.* at 3 n.1). The Magistrate Judge held a hearing on Protégé's motion and issued an Order denying it, finding that Protégé had failed to meet the threshold showing that "any of the withheld communications bear any relationship to misappropriation of trade secrets, or any other crime or fraud." (*Id.* at 7–8, 12.) The Magistrate Judge also ordered Protégé to pay for Z-Medica's reasonable fees and expenses incurred for opposing the Motion. (*Id.* at 8–9, 12.)

Protege then filed objections to the Magistrate Judge's Order, arguing the Magistrate Judge misapplied the law in her crime-fraud exception analysis and improperly issued sanctions against Protégé requiring it to cover Z-Medica's reasonable fees and expenses. (Obj. at 2–3, March 31, 2020, Docket No. 316.)

## DISCUSSION

### I.  STANDARD OF REVIEW

Discovery-related motions are considered nondispositive motions. *Edeh v. Equifax Info. Servs., LLC,* 291 F.R.D. 330, 334 (D. Minn. 2013). "The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). A finding is "clearly

erroneous" only when, although there is evidence to support it, the reviewing court on the entire record is "left with the definite and firm conviction that a mistake has been committed." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007.  (D. Minn. 1999).

## II.  THE CRIME FRAUD EXCEPTION

The crime-fraud exception establishes that the attorney-client privilege "does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." *In Re BankAmerica Corp. Sec. Litig.,* 270 F.3d 639, 641 (8th Cir. 2001) (quoting *United States v. Zolin,* 491 U.S. 554, 563 (1989)).

The party asserting that the crime-fraud exception applies to otherwise privileged communication must "make a threshold showing 'that the legal advice was obtained in furtherance of the fraudulent activity and was closely related to it.'" *Id.* at 642 (quoting *Pritchard–Keang Nam Corp. v. Jaworski*, 751 F.2d 277, 283 (8th Cir.1984)).  If a party makes such a threshold showing, the Court may then exercise its discretion and conduct an *in camera* review of any documents in which the threshold showing has been specifically made. *Id.*  Then the moving party "must make the ultimate showing that the crime-fraud exception actually applies and that the privilege should be overcome." *Triple Five of Minnesota, Inc. v. Simon*, 213 F.R.D. 324, 326 (D. Minn. 2002).

"Requiring a threshold showing of facts supporting the crime-fraud exception followed by *in camera* review of the privileged materials helps ensure that legitimate

communications by corporations seeking legal advice as to their disclosure obligations under the federal securities laws are not deterred by the risk of compelled disclosure." *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d at 644.

## III. PROTÉGÉ'S OBJECTIONS TO THE MAGISTRATE'S APPLICATION OF THE CRIME-FRAUD EXCEPTION

Protégé claims that the Magistrate Judge erred by misapplying the law, arguing she should have conducted an *in camera* review of the privileged documents before applying the ultimate showing test and that she should have assumed that Protégé had satisfied the elements of showing a violation of their trade secrets by way of its pleading which Protégé appears to claim is sufficient to trigger the crime-fraud exception.

First, the Magistrate Judge found that Protégé failed to meet its threshold burden because it failed to identify any evidence at all "showing that any of the withheld communications bear any relationship to misappropriation of trade secrets, or any other crime or fraud." (Order on Mot. to Compel at 7–8.) Protégé is mistaken to read that it is entitled to an *in camera* review before it has met its initial factual burden of showing the crime-fraud exception is possibly applicable. *See In re BankAmerica Corp. Sec. Litig.*, 270 F.3d at 644 (noting that *in camera* review may follow a "a threshold showing of facts supporting the crime-fraud exception").

Second, Protégé's claim of error related to the trade secret element also fails. The Magistrate Judge explained that even if Protégé's civil complaint adequately alleged a

crime sufficient to withstand a 12(b)(6) motion to dismiss, Protégé would still be required to present some evidence beyond the pleading to "trigger the possible application of the crime-fraud exception."  (Order on Mot. to Compel at 5.)  Finding Protégé had failed to produce any such evidence, the Magistrate Judge denied Protégé's motion.  The Court finds no clear error here either.  As the Eighth Circuit has noted, the moving party may not simply rely on its pleading to meet the threshold crime-fraud exception evidentiary burden.  *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d at 642 ("A moving party does not satisfy this threshold burden merely by alleging that a fraud occurred and asserting that disclosure of any privileged communications may help prove the fraud.").

Accordingly, the Court will overrule Protégé's objections to the extent they allege the Magistrate Judge misapplied the law in determining whether the crime-fraud exception applies.

## IV. PROTÉGÉ'S OBJECTIONS TO SANCTIONS

Protege also objects to the imposition of sanctions, arguing that its motion was "substantially justified" under Fed. R. Civ. P. 37(a)(5)(B) and that sanctions were imposed without an opportunity to be heard.

First, Protégé argues that its motion to compel was substantially justified because the Magistrate Judge misapplied the law in denying the motion.  As noted above, however, the Court found no clear error in the Magistrate Judge's application of the law.

Second, Protégé argues that the Court imposed sanctions without notice.  Before imposing sanctions, a court must provide that party with notice that sanctions are being considered and with an opportunity to be heard. *See Sec. Nat'l Bank of Sioux City, IA v. Day,* 800 F.3d 936, 944 (8th Cir. 2015).  Protege had notice that the Magistrate Judge was considering Z-Medica's request for sanctions and was afforded multiple opportunities to respond but failed to do so.  In its memorandum opposing Protégé's motion to compel, Z-Medica identified the specific conduct it claimed warranted sanctions, requested certain sanctions, and identified the source of authority for the sanctions it recommended to the court—Rule 37(a)(5)(B).  The Magistrate Judge then held a hearing on the motion to compel in which Protégé attended.  Protege was therefore on notice and provided sufficient opportunities to be heard but did not utilize them.  As such, it cannot be said that the Magistrate Judge clearly erred in imposing sanctions under Rule 37.

Both of Protégé's objections related to the imposition of sanctions therefore fail. Accordingly, the Court will overrule Protégé's objections to this extent.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Protege's Objections [Docket No. 316] are **OVERRULED**;

2.  The Magistrate Judge's March 17, 2020, Order [Docket No. 299] is **AFFIRMED**.

DATED:  July 6, 2020
at Minneapolis, Minnesota.

_____

JOHN R. TUNHEIM
Chief Judge
United States District Court